NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 3 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BO XIN LI, AKA Boxin Li, | No.   14-70357 |
| Petitioner, | Agency No. A200-575-286 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Bo Xin Li, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for withholding of removal and protection

under the Convention Against Torture ("CAT").   We have jurisdiction under 8

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination in light of inconsistencies between Li's testimony and his wife's testimony regarding the harm Li experienced and fears for voicing his opposition to China's one-child policy, as well as Li's inconsistent testimony regarding his return trip to China. *See id*. at 1048 (adverse credibility determination reasonable under the "totality of circumstances"). We reject Li's contention regarding notice and an opportunity to produce corroborative evidence because the BIA did not rely on Li's failure to provide corroboration in affirming the dispositive adverse credibility determination. In the absence of credible testimony, in this case, Li's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, substantial evidence also supports the agency's denial of Li's CAT claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to China.

14-70357

*See Zheng v. Holder*, 644 F.3d at 829, 835-36 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED**.